UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

JAMES R. SHINKLE
JULIE SHINKLE

DEBTORS                                                CASE NO. 07-20852

**MEMORANDUM OPINION**

The U.S. Trustee ("UST") has moved to dismiss this case pursuant to Bankruptcy Code sections 707(b)(2) and (3). The UST alleges that the Debtors have not accurately reported their expenses on Form B22A, the "Means Test," primarily taking issue with the Debtors' claim for $658.00 per month in additional housing costs. The UST contends that absent the additional housing allowance, the Debtors' 60 month disposable income is over $10,000.00, causing the presumption of abuse to arise under section 707(b)(2). The Debtors contend that they are entitled to claim the additional $658.00 pursuant to IRS guidelines.

1. Factual and procedural history

The parties have prepared Joint Stipulations which provide as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). The statutory predicate for the relief sought herein is 11 U.S.C. § 707(b)(2) of the Bankruptcy Code.

2. On June 11, 2007 (the "Petition Date"), the above-captioned debtors commenced their case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. L. Craig Kendrick was appointed Chapter 7 Trustee in this case and continues to serve in that capacity.

3. The § 341 Meeting of Creditors was concluded on July 19, 2007.

4.  The Debtors have indicated on Page 1 of their Petition that the nature of debt is primarily consumer/non-business. The Debtors' non-priority unsecured debt totals $109,085.73.

5.  On July 30, 2007 the United States Trustee filed a Statement of Presumed Abuse. The Motion to Dismiss was filed within 30 days of the Statement of Presumed Abuse and is timely.

6.  The Debtors reported annualized current monthly income in the amount of $83,022.36 on their Form B22A, line 13. The applicable state median income for a family of 2 is $41,560.00. Accordingly, the Debtors' current monthly income exceeds the applicable state median income amount.

7.  The Debtors claim, "Housing and Utilities; adjustment" as $658 on line 21. This amount allows for the Debtors to claim additional housing if they contend that the process set out in lines 20A and B do (sic) not accurately compute the amount to which they are entitled under IRS Standards. In this instance, the Debtors contend that this is what they actually spend on rent (a copy of their lease is attached hereto as Exhibit 1), so this amount should be allowed. The U.S. Trustee contends that the Debtors are limited to the IRS Standard for rent.

8.  The decision on whether this amount should be allowed would determine whether this case is presumed abusive.

9.  If the Court finds that the presumption of abuse, as defined by section 707(b)(2)(A)(i) does not arise in this case, then the Court may proceed alternatively under section 707(b)(3).

10. As filed, the Debtors enjoy a monthly excess income between their Schedules I and J of $105.88.

11. If the Court finds that the presumption of abuse does not arise, the United States Trustee may proceed alternatively under 707(b)(3), which may require a separate evidentiary hearing.

12. The legal issue before the Court is:

Whether the Debtors should be entitled to claim their actual rental expense on Form B22a, in excess of the IRS standards.

The Debtors have also tendered affidavits which assert additional

2

facts. The Debtors currently pay $1,500.00 per month in rent. Mrs. Shinkle has been employed by the Boone County Clerk since October 2006, and a condition of her employment is that she reside in Boone County. Prior to moving to their current residence, the Debtors sold their previous home to avoid foreclosure. At the time they moved into their current residence they required a home that would accommodate a family of four because both their children lived with them. Shortly after they moved, however, their son died and their daughter married and no longer lived with them. The Debtors' current landlord has expressed a willingness to sell them the home they are now renting, if and when they obtain financing, and to credit them for rent paid. (Affidavit of Julie Shinkle, November 14, 2007; Affidavit of James R. Shinkle, November 14, 2007).

    3.   <u>Discussion</u>

The UST contends that the Debtors cannot justify the additional $658.00 per month they claim to bring the amount they are entitled to for housing up to the $1,500.00 per month they actually pay. The UST points out that line 21 of Form B22A allows debtors to claim additional housing expenses if they "contend that the process set out in lines 20A and B does not accurately compute the allowance [they are entitled to] under the IRS Housing and Utilities Standards." Form B22A, Line 21. One court has observed that Line 21 ". . . does not invite debtors to increase their housing and/or utility expenses simply because they have higher expenses than allowed by the IRS Local Standard for housing." *In re Rajender*, 2007 WL 2345018, *1 (Bankr. E.D. Cal. 2007). The UST argues that the Debtors have not provided any acceptable reason why the allowance they are entitled to under IRS

Standard is not accurately computed, nor why they should be allowed an excess amount simply because the rent they pay is higher than the IRS allowance.  The court in *In re Skaggs*, 349 B.R. 594, 597 (Bankr. E.D. Mo. 2006) reduced the expense on line 21 to zero in a similar situation, and ordered that unless the debtors converted their case it would be dismissed.

The Debtors respond that they are entitled to claim the additional $658.00 they actually spend for rent because Code section 707 and Line 21 of Form B22A "incorporate the IRS guidelines as the measure of 'applicable monthly expense amounts' for rent."  As stated in section 707(b)(2)(A)(ii):

> [T] debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, . . .

*11 U.S.C. §707(b)(2)(A)(ii).* The Debtors then go on to argue that the median amounts allowed for rent or mortgage expenses by IRS Local Standards are guidelines only, and that these amounts are not "set in stone."  The Debtors point out that the Internal Revenue Manual allows a taxpayer to set forth facts and circumstances which justify a deviation from the guideline. The Debtors contend that facts such as those set out in their affidavits provide such justification.  They further state that if they were to look for new housing in Boone County, the slight reduction in monthly rent, if any, would be outweighed by the cost of moving and the forfeiting of their opportunity to be homeowners again.

The UST responds by referring to Code section 707(b)(2)(B) which

provides:

> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that (sic) justify additional expenses or adjustment of current monthly income for which there is no reasonable alternative.
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide--
> > (I) documentation for such expense or adjustment to income; and
> > (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

*11 U.S.C. §707(b)(2)(B)*. The UST contends that the Debtors have not demonstrated such special circumstances.

Code section 707(b)(2)(B) gives examples of special circumstances such as a serious medical condition or a call to active duty in the armed services. The statute also requires that a debtor's special circumstances leave him with "no reasonable alternative" to incurring additional expenses or an adjustment of current monthly income. The court in *In re Scarafiotti*, 375 B.R. 618, 631 (Bankr. D. Colo. 2007), found that the debtors had demonstrated special circumstances in their son's need to be in a particular school where his mental and emotional difficulties were being successfully addressed, and that a modest increase in the debtors' housing allowance was justified. *Id*.

The UST argues that the Debtors herein have failed to cite any circumstances which offer them no reasonable alternative. He states that while the Debtors contend that they must live in Boone County, they have made no showing of inability to find less expensive housing there. They further have made no showing that it is necessary for them to live in a house, rather than an apartment, and certainly not

that it is necessary for them to live in their current house, aside from the fact that they might have an opportunity to own it. By contrast, special circumstances were demonstrated in *In re Graham*, 363 B.R. 844, 847 (Bankr. S.D. Ohio 2007), where the debtor husband had to move 800 miles from his wife and her two children from a previous marriage in order to find gainful employment. The debtor wife could not join her husband because of the constraints of her shared custody agreement. These debtors were allowed to claim a second set of housing expenses for the husband. *Id.*

The UST further notes that while the Debtors herein have cited the cost of moving as a factor justifying their remaining in their current home, they have provided no documentation of the cost of moving as required by Code section 707(b)(2)(B)(ii). That cost is, obviously, a one time cost to the debtors. The UST finally contends that the Debtors only want to become homeowners at the expense of their creditors, and that there is no demonstrable justification for their housing expense outside the parameters contemplated by the IRS Local Standards. The potential to become homeowners again is not limited to this particular property.

While the Bankruptcy Code allows some flexibility in regard to the allowable amount debtors' may claim for housing expenses, the court agrees with the UST that the Debtors have not demonstrated special circumstances that justify their claim for an additional housing allowance. The amount shown on Line 21 of their Form B22A should therefore be zero. With this adjustment the Debtors' 60 month disposable income is far greater than $10,000.00, resulting in the presumption of abuse under section 707(b)(2). The Debtors' case

therefore will be DISMISSED unless debtor's file an appropriate motion to convert their case to Chapter 13, or another chapter of the Bankruptcy Code, within 15 days of entry of this Memorandum Opinion.

Copies to:

U.S. Trustee
Michael L. Baker, Esq.

7

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Tuesday, February 19, 2008**
**(wsh)**